UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LAZARO DESPAIGNE BORRERO,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, and<br>STATE OF MINNESOTA,<br><br>        Respondents. | Civil No. 08-315 (RHK/FLN)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled pleading entitled "Petition For A Writ Error Coram Nobis Under The Allwrits Section, (28, U.S.C.A. 1651(a) and § 852." (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be SUMMARILY DISMISSED for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Pekin, Illinois. He is serving a 210-month federal prison sentence that was imposed in a federal criminal case that was brought against him in this District – United States v. Borrero, Crim. No. 03-281 (JNE/JGL).

In the present action, Petitioner is attempting to challenge two Minnesota state court criminal convictions, which pre-date the federal conviction for which he is currently incarcerated. In the first of those two cases, a 1993 case in the state district court for Ramsey County, Minnesota, Petitioner was found guilty of a controlled substance offense. In the second case, a 2002 case in the state district court for Hennepin County, Minnesota,

Petitioner pled guilty to an assault offense. Petitioner now claims that both his "1993 drugs convictions as well as his 2002 assault conviction were invalid," because of various alleged violations of his federal constitutional rights. (Petition, [Docket No. 1], p. 7.)

Petitioner further contends that the two state convictions at issue in this case caused him to receive an enhanced prison sentence in his federal criminal case, (i.e., Crim. No. 03-281 (JNE/JGL)). Therefore, Petitioner is seeking not only to have his two prior state convictions vacated, but he is also seeking to have his current federal prison sentence set aside. In Petitioner's own words, he is seeking an order that would "declare as void and unconstitutional sentence imposed upon the Petitioner by the used [sic] of an invalid prior sentence to enhanced [sic] his current sentence." (Id., p. 10.)

It clearly appears from Petitioner's current submissions that he has fully served the sentences that he received for both of the state court convictions that he is presently attempting to challenge. Petitioner apparently recognizes that because he is no longer in custody pursuant to those convictions, they are no longer reviewable by means of a habeas corpus petition brought under 28 U.S.C. § 2254. See Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) ("[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States'"), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Therefore, Petitioner has not filed a petition seeking a writ of habeas corpus; but rather, he has elected to file a petition seeking a writ of coram nobis. Such relief cannot be granted, however, for the reasons discussed below.

## II. DISCUSSION

As just noted, Petitioner apparently has chosen not to challenge his two prior convictions by means of a habeas corpus petition brought under 28 U.S.C. § 2254. He apparently has determined (quite correctly) that habeas corpus relief cannot be granted for those convictions, because he is no longer in custody as a result of those convictions. (Furthermore, any § 2254 habeas petition challenging Petitioner's 1993 and 2002 state criminal convictions would be clearly time-barred under the one-year statute of limitations that applies to such petitions. See 28 U.S.C. § 2244(d)(1).) Petitioner evidently believes that a petition for a writ of coram nobis is a viable alternative means of challenging a state criminal conviction, which can be used by former state prisoners who can no longer satisfy the "in custody" requirement of the habeas corpus statute. The Court disagrees.

In United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that a writ of coram nobis can be used to correct errors that occurred during the course of a criminal proceeding, even if the defendant is no longer in custody. 346 U.S. at 505-11. See also Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) (recognizing that in a federal criminal case, a defendant who is no longer in custody, may be able to challenge his conviction by means of coram nobis). However, coram nobis is available only in the court of conviction, as part of the original criminal case; it is not available in a separate action before another court. Morgan, 346 U.S. at 505, n. 4 (an application for coram nobis relief "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding"); see also, Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967) ("[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"); Trackwell v. Nebraska, 126 Fed.Appx. 336

(8th Cir. 2005) (unpublished opinion) ("a defendant may seek coram nobis relief only from the court that rendered judgment").  Therefore, for individuals challenging a <u>federal</u> conviction or sentence, coram nobis can be a viable alternative to habeas corpus – if such relief is sought in the court where the conviction occurred.  <u>See</u> <u>e.g.</u>, <u>Kandiel</u>, 964 F.2d at 796; <u>United States v. Camacho-Bordes</u>, 94 F.3d 1168, 1171, n. 2 (8th Cir. 1996).

Because coram nobis relief must be sought in the court of conviction, such relief is not available in <u>federal court</u>, for individuals who are challenging a conviction entered in a <u>state court</u>.  <u>Booker</u>, 380 F.2d at 244 (coram nobis is not available to a petitioner seeking to challenge a state criminal conviction in federal court); <u>Sinclair v. State of Louisiana</u>, 679 F.2d 513, 514 (5th Cir. 1982) ("[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); <u>Lowery v. McCaughtry</u>, 954 F.2d 422, 423 (7th Cir.) (federal court may not issue writ of coram nobis for state petitioner), <u>cert</u>. <u>denied</u>, 506 U.S. 834 (1992); <u>Theriault v. State of Mississippi</u>, 390 F.2d 657 (5th Cir. 1968) (<u>per curiam</u>) ("coram nobis is not available in federal court as a means of attack on a state criminal judgment"); <u>Blake v. State of Florida</u>, 395 F.2d 758 (5th Cir. 1968) (same); <u>Finkelstein v. Spitzer</u>, 455 F.3d 131, 134 (2nd Cir. 2006), <u>cert</u>. <u>denied</u>, 127 S.Ct. 1125 (2007) (same); <u>Obado v. New Jersey</u>, 328 F.3d 716, 718 (3rd Cir. 2003) (same); <u>see also</u> <u>Peterson v. State of Missouri</u>, 355 F.Supp. 1371, 1376 (W.D.Mo. 1973) ("Congress has not vested this Court with coram nobis jurisdiction in connection with State convicts").  It appears that this principle has been fully accepted by every federal court that has considered it.  <u>See</u> <u>Lowery</u>, 954 F.2d at 423 (petitioner's attorney "conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court").

Based on the foregoing authorities, the Court concludes that Petitioner cannot challenge his 1993 and 2002 Minnesota state court criminal convictions by seeking a writ of coram nobis in federal court.

Petitioner would undoubtedly argue that he is only <u>indirectly</u> challenging his two prior state court convictions, and that he is actually challenging the validity of his current federal sentence. However, that argument gains nothing for Petitioner, because he cannot challenge his current federal sentence by means of coram nobis.

First, a writ of coram nobis is available only for individuals who are challenging a conviction or sentence <u>for which they are no longer in custody</u>. <u>United States v. Noske</u>, 235 F.3d 405, 406 (8th Cir. 2000) (Eighth circuit case law "precludes coram nobis relief to a federal prisoner"), citing <u>United States v. Kindle</u>, 88 F.3d 535, 536 (8th Cir. 1996) and <u>Zabel v. United States Attorney</u>, 829 F.2d 15, 17 (8th Cir.1987). <u>See</u> also <u>United States v. Little</u>, 608 F.2d 296, 299 (8th Cir. 1979) ("[c]oram nobis lies only where the petitioner has completed his sentence and is no longer in federal custody,... is serving a sentence for a subsequent state conviction,... or has not begun serving the federal sentence under attack") (citations omitted). Because Petitioner is still serving the federal prison sentence that he is now attempting to challenge, he cannot challenge his sentence in a coram nobis proceeding.

Furthermore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal prisoner who is seeking post-conviction relief cannot use a petition for a writ of coram nobis as a substitute for a § 2255 motion. <u>Noske</u>, 235 F.3d at 406. Therefore, if Petitioner wants

5

to pursue a post-conviction challenge to his current federal prison sentence, he must file a § 2255 motion in the trial court.

The Court has considered whether the current petition should be treated as § 2255 motion and transferred to the trial court, but that would not be appropriate here. Petitioner obviously is familiar with § 2255, as he previously filed a § 2255 motion in his federal criminal case.[1] It is therefore evident that Petitioner must have deliberately decided not to bring his current claims for relief under § 2255, and that decision should not be disregarded. Furthermore, even if Petitioner had raised his current claims for relief in a § 2255 motion, it appears highly doubtful that he could be granted any relief on those claims, because the Supreme Court has held that state court convictions, which are used for federal sentence enhancement purposes, are not reviewable in a § 2255 post-conviction motion. Daniels v. United States, 532 U.S. 374 (2001). Therefore, while the Court cannot preemptively determine how the trial court might decide some future § 2255 motion that Petitioner might attempt to bring, the Court finds that it would not be appropriate to construe the present coram nobis petition to be a § 2255 motion.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's current petition for a writ of coram nobis under the All Writs Act must be summarily dismissed. To the extent that Petitioner is attempting to challenge the validity of his 1993 and 2002 state criminal convictions, coram nobis relief is not available in federal court, because such relief

---

[1] See United States v. Borrero, Crim. No. 03-281 (JNE/JGL) (Docket No. 113). Petitioner's § 2255 motion was denied without prejudice, because it was premature. Id., Order dated August 14, 2006; (Docket No. 116).

can be granted only by the court in which the petitioner was convicted. To the extent that Petitioner is attempting to challenge the validity of his current federal prison sentence, his claims cannot be entertained in a coram nobis proceeding, because he is still serving that sentence, and because 28 U.S.C. § 2255 provides the exclusive means by which a federal prisoner can collaterally attack the validity of his sentence. The Court will therefore recommend that Petitioner's petition for a writ of coram nobis be summarily denied, and that this action be dismissed for lack of jurisdiction.

Because Petitioner's application for coram nobis relief cannot be entertained here, it is also recommended that his pending application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where prisoner's petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's "Petition For A Writ Error Coram Nobis Under The Allwrits Section, (28, U.S.C.A. 1651(a) and § 852," (Docket No. 1), be DENIED;

2. Petitioner's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

3. This action be summarily DISMISSED for lack of jurisdiction.

Dated: February 7, 2008

                  s/ *Franklin L. Noel*
                  FRANKLIN L. NOEL
                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 27, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.